IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ROBERTA S.[1],

        Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

Case No. 3:19-cv-00211-SLG

## REMAND ORDER

In light of the fact that the parties have agreed to remand, the Court will not set forth the procedural history of this case at this time. In her brief, Plaintiff argues that "[t]he ALJ's refusal to admit nearly 4,000 pages of medical records is sufficient error to warrant remand on its own."[2] She also asserts that the ALJ's decision relies on evidence that is not in record and the record contains commentary by an expert witness, both violating her due process rights.[3] She alleges that the ALJ's decision was not supported by substantial evidence due to an "erroneous reliance on the opinions of the medical experts."[4]

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), *available* https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Docket 32 at 12.

[3] Docket 32 at 12–14.

[4] Docket 32 at 15–23.

However, the parties' disagreement focuses on the scope of the remand. Roberta S. ("Plaintiff") requests remand for the payment of benefits.[5] The Commissioner concedes that the ALJ erred "by refusing to admit almost 4,000 pages of evidence into the record, considering evidence not contained in the record, and allowing a medical expert to make handwritten notes on medical evidence in the record," but contends that remand for further proceedings is the appropriate remedy.[6]

The "ordinary remand rule" applies to disability cases. Under this rule, if "the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."[7] A court follows a three-step analysis to determine whether the case raises the "rare circumstances" that allow a court to exercise its discretion to remand for an award of benefits. "First, [the court] must conclude that 'the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'"[8] "Second, [the court] must conclude that 'the record has been fully developed and further administrative proceedings would serve no useful purpose.'"[9] "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."[10] "Third, [the

---

[5] Docket 32 at 24.

[6] Docket 37 at 2.

[7] *Treichler v. Comm'r of Soc. Security Admin.,* 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985)).

[8] *Brown-Hunter v. Colvin,* 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison*, 759 F.3d at 1020).

[9] *Id.* (quoting *Garrison,* 759 F.3d at 1020).

[10] *Treichler*, 775 F.3d at 1101.

court] must conclude that 'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'"[11] But, "even if all three requirements are met, [the court] retain[s] 'flexibility' in determining the appropriate remedy" and "may remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'"[12]

Plaintiff asserts that remand for the payment of benefits is appropriate essentially "because the Agency has repeatedly shown a disregard for Plaintiff's case and has had numerous opportunities to properly consider Plaintiff's claim, yet has failed to do so every time."[13] The Commissioner moves the Court to remand the case to an ALJ to: 1) hold a de novo hearing in which the claimant is allowed to present all relevant testimony; 2) permit the claimant to submit new evidence, consistent with 20 CFR 416.1435; 3) consider evidence previously submitted; 4) insert into each exhibit modified by the medical expert a prefatory page noting that the exhibit was improperly modified and that the handwritten notes on that exhibit should be disregarded; 5) proceed with the sequential evaluation in light of the additional evidence, relying only on the evidence of record; and 6) issue a new decision.[14] Although Plaintiff argues in reply that "the Agency will never be able to produce a complete record in Plaintiff's case" and the

---

[11] *Brown-Hunter,* 806 F.3d at 495 (quoting *Garrison,* 759 F.3d at 1021).

[12] *Id.* (quoting *Garrison*, 759 F.3d at 1021).

[13] Docket 38 at 3.

[14] Docket 37 at 2–3.

Commissioner's "fixes" cannot correct the administrative record[15], the Court disagrees that the appropriate remedy is the payment of benefits.

There are outstanding issues to be resolved and the record is incomplete. It is the ALJ's role to consider the evidence, resolve conflicts, and make findings.[16] Yet the ALJ's decision cannot be adequately reviewed due to the ALJ's refusal to admit almost 4,000 pages of medical records.[17] As a result, the Court cannot address Plaintiff's remaining arguments that the ALJ's decision was not supported by substantial evidence.[18] As both parties have noted, in the Ninth Circuit, a court may remand for the calculation of benefits "when it is clear from the record that a claimant is entitled to benefits, observing on occasion that inequitable conduct on the part of the Commissioner can strengthen, though not control, the case for such a remand."[19] Here, the failure of the ALJ to admit almost 4,000 pages of evidence to the record requires remand for further proceedings.

## V. ORDER

The Court, having carefully reviewed the administrative record, finds that the ALJ's determinations were not free from legal error. Accordingly, IT IS ORDERED that Plaintiff's request for relief at Docket 32 is DENIED, the Commissioner's motion for

---

[15] Docket 38 at 2.

[16] *Treichler,* 775 F.3d at 1098 ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.").

[17] A.R. 4687. *See also* Docket 32 at 9 ("The ALJ could not evaluate the entire period at issue due to his refusal to admit the records into evidence."). Docket 37 at 7 ("It is not possible to determine whether Plaintiff is disabled until [the 4,000 pages of medical evidence are] considered, in the first instance, by the agency.").

[18] Docket 32 at 15–23.

[19] *Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014).

remand at Docket 37 is GRANTED, and this matter is REMANDED for further proceedings.  On remand, the ALJ will hold a de novo hearing; permit the claimant to submit new evidence; consider evidence previously submitted; insert into each exhibit modified by the medical expert a prefatory page noting that the exhibit was improperly modified and that the handwritten notes on that exhibit should be disregarded; proceed with the sequential evaluation in light of the additional evidence, relying only on the evidence of record; and issue a new decision.

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 21st day of September, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE